UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10474-GAO

CLIFFORD E. MOSKOW,
Plaintiff,

v.

ALIZA WHEELER, JOHN DUNLEA, and DASHEL DUNLEA,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
February 25, 2025

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that Clifford E. Moskow's Motion to Dismiss for Lack of [Subject Matter] Jurisdiction (dkt. no. 15) be DENIED in its entirety. Moskow filed objections to the Report and Recommendation. After carefully reviewing the pleadings, the parties' submissions, the transcript and exhibits from the evidentiary hearing, the Report and Recommendation, and Moskow's objections, I agree with the magistrate judge's analysis and conclusions. Accordingly, I ADOPT the magistrate judge's recommendation and DENY Moskow's Motion to Dismiss in its entirety.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLIFFORD E. MOSKOW,
      Plaintiff,

v.                                        CIVIL ACTION NO. 24-cv-10474-GAO

ALIZA WHEELER, JOHN DUNLEA,
and DASHEL DUNLEA,
      Defendants.

REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO DISMISS
FOR LACK OF [SUBJECT MATTER] JURISDICTION (#15)[1]

KELLEY, U.S.M.J.

I. Introduction.

      Plaintiff Clifford Moskow brought suit on December 18, 2023, in Middlesex Superior Court, alleging generally that the defendants Aliza Wheeler, John "Jack" Dunlea, and their son Dashel Dunlea defamed Moskow and breached a contract involving tuition payments Moskow advanced on Dashel's behalf. On February 27, 2024, the defendants removed the matter under 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity jurisdiction (dkt. no. 1). Moskow thereafter moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, claiming that the action should be remanded to state court because the parties lack complete diversity (dkt. no. 15).

II. Procedural History.

      This motion was referred by District Judge George A. O'Toole, Jr. to the undersigned for an evidentiary hearing and report and recommendation. (#24-cv-10474-GAO, #17.) An

---

[1] Moskow's motion title references personal jurisdiction, but the statutory citation and substance challenge subject matter jurisdiction.

evidentiary hearing was held on October 29, 2024, in person with remote access provided. Dashel Dunlea testified by remote conference from Ohio, and Clifford Moskow, his employee Sylvia Sakwa, and his private investigator Daniel Needham testified in person. Several exhibits that previously had been filed electronically were introduced and admitted, including Dashel's Form W-2 from a position at The Fountaingrove Club (Ex. 1), Dashel's Santa Rosa Junior College Student Transactions Record (Ex. 2), Dashel's Diamond Strong Fitness & Cryotherapy Prepay Agreement (Ex. 3), and a photo of Dashel's Massachusetts Junior Operator's License (Ex. 4). The court heard argument and invited the parties to submit supplemental post-hearing briefs if desired. Following the hearing, Moskow submitted a brief, and the defendants subsequently filed a responsive memorandum.

III. Legal Framework.

A defendant may remove an action from state court to federal court provided that the case originally could have been brought in federal court. In a case based on diversity jurisdiction, the opposing parties must have complete diversity of citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, a person holds citizenship in the place in which he is domiciled, *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001), on the date the case was removed, *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam); *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990). A person's domicile is "the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1029 (1st Cir. 1988). Residence and domicile are not synonymous; although "a person may have more

than one residence, he can only have one domicile." *Bank One, Texas, N.A. v. Montle*, <u>964 F.2d</u> <u>48, 53</u> (1st Ci<u>r. 1992</u>).

Once domicile is established, it "persists until a new one is acquired." *Aponte-Dávila v. Mun. of Caguas*, <u>828 F.3d 40, 46</u> (1st Ci<u>r. 2016</u>) (quoting *Valentin*, <u>254 F.3d at 366</u>). Ordinarily, there is a presumption of continuing domicile. *Meléndez–García v. Sánchez*, <u>629 F.3d 25, 41</u> (1st Ci<u>r. 2010</u>). If a party challenging domicile has met its initial burden of producing evidence to rebut continuing domicile, "the presumption falls out of the case." *Dowd v. Bass & Oyster River Mariner Dev., LLC*, No. CV 23-10108-MPK, <u>2024 WL 406716</u>, at *3 (D. Mass. Feb. 2, 2024). The party that is the proponent of subject matter jurisdiction bears the burden of persuasion by a preponderance of the evidence, i.e., that more probably than not, diversity existed on the relevant date. *See Bank One*, <u>964 F.2d at 50</u>; *Dowd, LLC*, <u>2024 WL 406716</u>, at *3.

Proving domicile requires two showings: (1) physical presence in a place, and (2) an intent to remain there indefinitely. *Meléndez-García*, <u>629 F.3d at 41</u>; *García Pérez v. Santaella*, <u>364 F.3d 348, 354</u> (1st Ci<u>r. 2004</u>). "[A] mere detached, indefinite and ambulatory future intention to possibly or probably effect a change of domicile . . . is of no real significance in solving the jurisdictional riddle." *Valentin*, <u>254 F.3d at 367</u> (internal quotation marks omitted). The First Circuit has recognized several factors a court typically considers, including

> current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; [and] payment of taxes.

*García Pérez*, <u>364 F.3d at 351</u>; *accord Bank One*, <u>964 F.2d at 50</u>. No single factor is wholly determinative, *Meléndez–García*, <u>629 F.3d at 41</u>, and a party "need not check off *every* . . . factor to satisfy" his burden, *Rodríguez v. Señor Frog's de la Isla, Inc.*, <u>642 F.3d 28, 33</u> (1st Ci<u>r. 2011</u>) (emphasis in original). The place at which a person is registered to vote is considered a "weighty"

factor. *Bank One*, 964 F.2d at 50. Furthermore, a minor's domicile is ordinarily that of his parents, *see, e.g.*, *Bower v. Egyptair Airlines Co.*, 731 F.3d 85, 92 (1st Cir. 2013); *Rodriguez-Diaz*, 853 F.2d at 1030, and out-of-state students are generally not considered domiciled in their school's state without additional objective evidence beyond simply living there while in school, *see, e.g.*, *Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 324 (D.R.I. 1992) (law school student).

IV. Discussion.

In this case, there is no dispute that Moskow is a citizen of Massachusetts, and that Aliza Wheeler and Jack Dunlea are citizens of California. The central dispute between the parties is Dashel Dunlea's citizenship. As to Dashel, there does not seem to be a genuine disagreement that Dashel at one point was domiciled in California. Evidence introduced by the parties establish that Dashel and his family originally lived in Massachusetts. However, when he was a minor, Dashel moved with his parents from Massachusetts to California, where his parents have remained. He therefore is a California citizen, *see Meléndez–García*, 629 F.3d at 41, unless his domicile changed before the complaint was filed and the case was removed to federal court.[2]

Moskow contends that Dashel's domicile changed from California to Massachusetts at some undefined point prior to this suit. However, he has not rebutted the presumption of Dashel's continued domicile in California, and regardless, the defendants, as the proponents of subject matter jurisdiction, have shown it is more probable than not that Dashel is a domiciliary of California.

---

[2] The parties focus on the state of affairs as of December 2023 when the complaint was filed. Other than the possibility that Dashel may have been physically present in Ohio to attend college, rather than in California, at the time of removal in February 2024, there does not appear to be any material differences between the two dates.

A. <u>Physical Presence</u>.

First, Dashel is not physically present in Massachusetts. As a minor, Dashel moved from California to Massachusetts in June 2020 to board with Moskow and attend Lawrence Academy. Dashel graduated in June 2023 and returned to California in August 2023. He was still living and was physically present in California in December 2023 when Moskow initiated the lawsuit. He applied for various undergraduate programs in January or February of 2024, and at some point thereafter became a student at Ohio University in Athens, Ohio. Although Dashel has traveled to Massachusetts since he graduated from Lawrence Academy to visit friends and temporarily worked at a summer camp in the jurisdiction, he was not physically present in Massachusetts when the complaint was filed nor when the case was removed to federal court.

B. <u>Dashel's Intent</u>.

Second, the totality of the factors does not support a finding that Dashel intends to remain indefinitely in any state other than California, including Massachusetts.

*Current Residence:* Dashel's residence appears to be his parent's house on Brown Street in Santa Rosa, California. It is the address listed on various documents in evidence and is the address alleged by Moskow in his own verified complaint. Notably, Dashel himself credibly testified that he considers himself a permanent resident of California and that he has no plans to change his California residency. There is no evidence of a Massachusetts location at which Dashel resides.[3]

---

[3] Dashel's family previously lived in Lincoln, Massachusetts, but sold the house long before this suit. Moskow testified about a property in Charlestown, Massachusetts, but the record is not developed on this point. Moskow does not claim that Dashel resides there, and there is no evidence that he does. Furthermore, although Dashel currently is a student in Ohio, neither party argues he is domiciled there.

*Voting:* Dashel is registered to vote in California. Although this is usually a "weighty" factor, *Bank One*, 964 F.2d at 50, Dashel did not register to vote until May 2024, after the suit was filed, and indeed, after the submission of the instant motion. At the same time, however, he was never registered to vote in Massachusetts and when he did register, he did so in California. *See García Pérez*, 364 F.3d at 351 (noting that events after the filing of a complaint are not part of the primary analysis but "may bear on the sincerity of a professed intention to remain").

*Location of Personal and Real Property:* There is little information in the record regarding the location of any of Dashel's personal or real property other than his denial that he owned or rented any property in Massachusetts during the operative period. A California-based car was referenced at the hearing, but with little information as to the date of purchase.

*Location of Brokerage and Bank Accounts:* Dashel opened and used a Bank of America checking account in Massachusetts when he attended Lawrence Academy. It no longer is associated with a Massachusetts address. He also has a Chase Bank account that he opened in California weeks before the hearing on the motion.

*Membership in Unions, Fraternal Organizations, Churches, Clubs and Other Associations:* Beginning in October 2023, Dashel held a six-month fitness membership at a gym in Santa Rosa, California. He also spent time with friends, golfed, and watched sporting events in California, as well in Massachusetts when he visited.

*Place of Employment or Business:* In August 2023, Dashel briefly attended a junior college in Santa Rosa, California. He unenrolled to pursue a career in golf and subsequently worked at The Fountaingrove Club in California through at least December 2023. He listed the Brown Street address in Santa Rosa, California in connection with his position at the golf club.

*Driver's License and Other Automobile Registration:* Dashel obtained his driver's license in Massachusetts when he turned sixteen and a half while a student at Lawrence Academy. He did not immediately obtain a California driver's license after graduation because he did not see a need to do so at the time, but he ultimately changed to a California driver's license in June 2024, after the suit was filed. Additionally, Dashel had a car in Massachusetts registered in his name, but at some point, he gave it to his sister. Dashel also testified that the car he now has is registered in California, but it is unclear when he acquired or registered it.

*Payment of Taxes:* When Dashel worked at The Fountaingrove Club in late 2023, he paid taxes to California. The address listed on his Form W-2, admitted into evidence at the hearing, is the Brown Street address in Santa Rosa, California.

On balance, Moskow has not met his initial burden of rebutting the presumption of Dashel's continued domicile in California; to the contrary, the record supports a finding by a preponderance of the evidence that Dashel is domiciled in California and not Massachusetts. He is physically present outside of Massachusetts in California (or at school in Ohio during the academic semester) and the balance of the factors weigh in favor of a finding that he intends to remain in California—not Massachusetts—indefinitely. *See Meléndez-García*, 629 F.3d at 41; *García Pérez*, 364 F.3d at 354. Although Moskow offered testimony that Dashel repeatedly expressed an interest in living long-term in Massachusetts when he stayed with Moskow in high school and that he occasionally visited the state after he graduated, a "mere detached, indefinite and ambulatory future intention to possibly or probably" change one's domicile "is of no real significance in solving the jurisdictional riddle." *See Valentin*, 254 F.3d at 367 (internal quotation marks omitted). That is particularly the case here, where Moskow has not had any substantive

contact with Dashel since early 2023 and therefore has no personal knowledge as to Dashel's present intentions.

When Dashel graduated from Lawrence Academy in 2023 and had the opportunity to begin his post-secondary adult life, he returned to California. He may not have immediately changed his license, pediatrician, or banking address, but California is where he lived, enrolled in a local junior college, obtained employment, paid taxes, joined a gym with a long-term membership agreement, and identified as his address on official documents.[4] As his goals shifted in early 2024, he applied to various universities (none of which is in Massachusetts), hoped to benefit from in-state tuition at a California school as a California resident, and ultimately matriculated at Ohio University. Dashel himself claims California as his domicile, and at least at the time he filed his complaint, Moskow seemed to agree that Dashel at least resided there. There is no objective evidence that Dashel tried to establish roots in Massachusetts or otherwise demonstrated an intention to change his domicile from California to Massachusetts.

Consequently, the court finds that, more probably than not, Moskow is a citizen of Massachusetts and the three defendants are citizens of California. Because complete diversity existed between the parties on the pertinent date, the motion to dismiss for lack of jurisdiction should be denied.

---

[4] Dashel's various steps after the suit was filed, such as registering to vote in California, obtaining a California driver's license, changing to an in-state doctor, and opening a California bank account would tend to support a finding of California domicile. *See García Pérez*, 364 F.3d at 351. Other than the timing itself, there is nothing to suggest that the changes flow from the pending litigation rather than simply from a young adult gradually organizing his life following graduation from an out-of-state boarding school. The court observed Dashel as he testified and does not find that he intentionally made these substantive life changes to gain so little in the defendants' litigation strategy. Nevertheless, the court does not rely on these post-removal adjustments, nor is it necessary to do so in light of the substantial pre-suit evidence supporting a finding by the preponderance of the evidence of Dashel's California domicile.

V. <u>Recommendation</u>.

     For the reasons stated, the court RECOMMENDS that Plaintiff's Motion to Dismiss for Lack of [Subject Matter] Jurisdiction (<u>dkt. no. 15</u>) be DENIED in its entirety.

VI. <u>Review by District Judge</u>.

     The parties are advised that any party who objects to this Report and Recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of the date of this Report and Recommendation. The objections must specifically identify the portion of the Report and Recommendation to which objections are made and state the basis for such objections. A party's failure to comply with Rule 72(b) of the Federal Rules of Civil Procedure will preclude further appellate review. *Santos-Santos v. Torres-Centeno*, <u>842 F.3d 163, 168</u>–69 (1st Ci<u>r. 2016</u>).

January 30, 2025                     <u>/s/M. Page Kelley</u>
                                 M. PAGE KELLEY
                                 United States Magistrate Judge