UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLIFFORD E. MOSKOW,
    Plaintiff,

v.                                                CIVIL ACTION NO. 24-cv-10474-GAO[1]

ALIZA WHEELER, JOHN DUNLEA,
and DASHEL DUNLEA,
    Defendants.

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION TO DISMISS (#73)

KELLEY, U.S.M.J.

    Clifford E. Moskow ("the Plaintiff") sued the Defendants in state court nearly two years ago. After removal, the Defendants successfully opposed the Plaintiff's motion to dismiss for lack of diversity jurisdiction and successfully moved for dismissal of his defamation claim, as well as an award of attorney's fees. Before this court, they successfully opposed the Plaintiff's motion to amend the complaint to add another defamation claim. Most recently, on the Defendants' motion to compel, this court ordered the Plaintiff to make a proffer regarding his deletion of text messages and emails. (#71) ("the discovery order"). The Plaintiff did not make the proffer. Three days before the deadline, he moved to voluntarily dismiss this action with prejudice. (#73.) The Defendants do not oppose dismissal with prejudice, of course; but they do seek conditions. (#74.) The court recommends that the Plaintiff's motion be GRANTED and that this action be dismissed with prejudice, subject only to the Defendants' opportunity to seek costs, within fourteen (14) days of

---

[1] This action has been referred for "Full Pretrial, Dispositive Motions." (#45.)

1

the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion, and to the Defendants' opportunity to seek attorney's fees or other sanctions in this action related to the Plaintiff's litigation conduct, within fourteen (14) days of the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion.

## Prior Proceedings

On December 18, 2023, the Plaintiff sued the Defendants, Aliza Wheeler, John "Jack" Dunlea, and their son, Dashel Dunlea, in the Middlesex Superior Court, raising claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and promissory estoppel based on $111,440.40 in private high school tuition payments the Plaintiff paid on behalf of Dashel. (#1-2.)[2] The Plaintiff also raised a defamation claim related to statements Dashel and Ms. Wheeler made in connection with an *ex parte* harassment prevention order proceeding brought by Dashel against the Plaintiff. *Id*.

The Defendants removed the case on February 27, 2024, alleging diversity of citizenship. (#1.) Shortly after removal, the Defendants moved to dismiss for the failure to state a claim, including under the Massachusetts Anti-SLAPP statute. (#6.) While that motion was pending, the Plaintiff moved to dismiss for lack of subject matter jurisdiction. (#15.) The Defendants opposed. (##16, 21.) District Judge O'Toole referred the matter to this court to hold an evidentiary hearing on diversity of citizenship. (#17.)[3] That hearing was held on October 29, 2024. (#29.) After post-hearing briefing (##35, 36), this court recommended that the Plaintiff's motion to dismiss for lack

---

[2] When he filed the state court complaint, the Plaintiff's oldest son was married to Ms. Wheeler and Jack Dunlea's daughter/Dashel's sister. *Id*. ¶¶ 6-7.

[3] As noted, the scope of the referral was subsequently expanded.

of subject matter jurisdiction be denied (#37), and over objection (#38), Judge O'Toole adopted that report and recommendation (#39).

On March 26, 2025, Judge O'Toole granted, in part, the Defendants' motion to dismiss for the failure to state a claim, dismissing the defamation claim under the Anti-SLAPP statute, noting also that statements made in judicial proceedings are generally privileged. (#42.) On April 9, 2025, the Defendants filed an answer to the complaint. (#43.) On the same date, they also filed a motion for attorney's fees under the Anti-SLAPP statute (#44), which this court subsequently granted, in part, awarding $30,154.50 (#60).[4]

While the motion for attorney's fees was pending, this court set discovery and dispositive motions deadlines. (#50.) The Plaintiff moved to amend his complaint to add another defamation claim. (#54.) The Defendants opposed. (#55.) On August 14, 2025, this court recommended that the motion to amend be denied as futile. (#61.) The Plaintiff has objected to that report and recommendation (#65), which Judge O'Toole has not yet adopted or rejected.

On August 19, 2025, the Defendants moved to compel. (#63.) After hearing argument, on September 4, the court granted that motion, ordering the Plaintiff to file a memorandum by September 15, supported by affidavits, setting out facts to establish when he reasonably anticipated this litigation and an explanation of what happened with regard to deleted text messages and emails. (#71.) The court also denied #66, the Plaintiff's motion to extend time to complete discovery, finding that he had ample time previously. (#71.)

The Plaintiff did not make the proffer on spoliation. Rather, on September 12, 2025, he moved pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss this action with prejudice, asserting:

---

[4] The court did not award the total amount of fees sought by the Defendants, finding that the subject-matter jurisdiction motion was not sufficiently related to the Anti-SLAPP motion. *Id*. at 6.

> …[T]he claims have been winnowed to breach of contract.[5] At this point in the proceedings, [the Plaintiff] has decided it would be prudent to voluntarily dismiss this action with prejudice, indicating that he does not intend to refile the claims asserted in this case. Dismissing this case with prejudice will not prejudice the Defendants, as they will be relieved from any further litigation concerning the claims raised in this action. Granting this motion will serve the interests of judicial economy by conserving the resources of the Court and the parties.

(#73 at 1.)

In a response, the Defendants agree to voluntary dismissal of this action with prejudice. (#74 at 1.) However, they seek conditions, addressed below. The Plaintiff has not sought leave to file a reply to the Defendants' response.

## Fed. R. Civ. P. 41(a)(2)

Where, as here, the defendant has answered the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "'[T]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced.'" *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Courts refuse to order voluntary dismissal without prejudice or have allowed a motion only with prejudice or upon specified conditions based on such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that the motion is made at a critical juncture. *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D. Me. 1990) (citing, *inter alia*, *Pace v. Southern Express Co.*, 409

---

[5] The claims for breach of contract, unjust enrichment, and promissory estoppel remain. As noted, the defamation claim was dismissed. The claim for breach of implied covenant of good faith and fair dealing was withdrawn. (#71.)

F.2d 331, 334 (7th Cir. 1969)); *see also Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000).

Where, as here, the plaintiff moves for voluntary dismissal with prejudice, courts have questioned their discretion to deny the motion; "…'when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed.'… 'Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.'" *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (first quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985), then quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)); *see also Century Mfg. Co., Inc. v. Central Transport Intern., Inc.*, 209 F.R.D. 647, 648 (D. Mass. 2002).

## Discussion

The Defendants do not argue that the action should not be dismissed with prejudice; as such and given the case law noted above, the court recommends that #73, the Plaintiff's motion, be GRANTED, and that this action be dismissed with prejudice.

Rather, the Defendants seek four conditions on dismissal with prejudice: one related to costs; two related to the Plaintiff's litigation conduct; and one related to the discovery order. The court addresses them in turn.

1. Related to costs.

The Defendants ask that dismissal with prejudice enter without prejudice to their putative right to seek costs as the "prevailing party" under Fed. R. Civ. P. 54(d)(1). *See* #74 at 2 (¶ 1) ("The Court will make a finding/ruling...").[6] The Defendants should be afforded an opportunity to seek

---

[6] "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party…." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are

5

costs, and the Plaintiff should be afforded an opportunity to respond. Accordingly, the court recommends that the Plaintiff's motion be granted subject to the Defendants' opportunity to seek costs, within fourteen (14) days of the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion.

        2.    <u>Related to the Plaintiff's litigation conduct</u>.

The Defendants ask that dismissal with prejudice enter without prejudice to their putative rights to seek (more) attorney's fees or other sanctions in this action,[7] and to bring a separate action, related to the Plaintiff's litigation conduct. (#74 at 3 (¶¶ 2-3).) The court recommends that the Plaintiff's motion be granted subject to the Defendants' opportunity to seek attorney's fees or other sanctions in this action related to the Plaintiff's litigation conduct,[8] within fourteen (14) days

---

entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013) (footnote omitted). Although the court makes no prospective recommendation or finding, there is support for the conclusion that a plaintiff's voluntary dismissal of an action with prejudice renders a defendant the "prevailing party" for purposes of Rule 54(d)(1). *See Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (en banc).

[7] As noted, the Defendants have already been awarded some attorney's fees.

[8] The Defendants cite Fed. R. Civ. P. 11, 37, and 54 as well as the court's "inherent powers," Mass. Gen. Laws ch. 231, § 6F, and "any other applicable rule or statute that allows for the imposition of sanctions and/or the recovery of costs and attorney's fees," *see* #74 at 3 (¶ 2), presumably because courts have held that an award of attorney's fees upon Fed. R. Civ. P. 41(a)(2) dismissal *with prejudice* is appropriate only when there is independent authority for such an award. *See Colombrito v. Kelly*, 764 F.2d 122, 133-135 (2d Cir. 1985) (collecting cases) (holding that Rule 41(a)(2) "does not altogether foreclose fees in the event of a dismissal with prejudice. Conceivably such an award might be one of the appropriate 'terms or conditions' authorized by Rule 41(a)(2), e.g., if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system. In any event, this is not such a case"). The court notes that Fed. R. Civ. P. 54(d)(2) is merely a procedural mechanism for claiming an entitlement to attorney's fees under some independent authority. *See Rhee-Karn v. Lask*, --- F. Supp. 3d ---, No. 15-CV-9946 (RWL), 2025 WL 2450731, at *16 (S.D.N.Y. Aug. 26, 2025); *see also* Fed. R. Civ. P. 54(d)(2)(B)(ii).

of the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion.

The Defendants have not elaborated on this request, and it would not be prudent or an efficient use of resources for this court to opine on the impact of the dismissal of this action, by the Plaintiff against the Defendants, with prejudice on some other, as-of-yet unfiled action, by the Defendants against the Plaintiff. Thus, the court does not recommend that the Plaintiff's motion to dismiss this action with prejudice be granted subject to the Defendants' opportunity to bring a separate action related to the Plaintiff's litigation conduct.

3. Related to the discovery order.

The Defendants ask that dismissal with prejudice enter without prejudice to their putative rights to seek enforcement of the discovery order and sanctions based on the Plaintiff's violation of the discovery order. (#74 at 3 (¶ 4).) Dismissal of this action with prejudice is the most severe sanction possible. The court does not understand the point of either compelling the Plaintiff to make the spoliation proffer or of "presum[ing] that the lost [text messages and emails were] unfavorable to" him or "instruct[ing] the jury that it may or must presume" same, *see* Fed. R. Civ. P. 37(e)(2)(A)-(B), when the proceeding will come to a close, without summary judgment motions or trial.

Moreover, where a request for expenses on the Defendants' motion to compel would likely be subsumed within a request for attorney's fees and other sanctions related to the Plaintiff's litigation conduct, this request is duplicative of the request addressed above. Finally, the Plaintiff's

---

Moreover, as discussed below, the court is not recommending that the Plaintiff's motion be granted subject to the Defendants' opportunity to seek, under Fed. R. Civ. P. 37, sanctions related to the discovery order. The court does not comment further on the Defendants' entitlement to attorney's fees or other sanctions under the authority cited. The issue has not been briefed.

7

alleged violation of the discovery order consisted of merely having (timely) moved to dismiss this action with prejudice, rather than submitting the spoliation proffer. Given all the circumstances, the court finds that an award of expenses on the Defendants' motion to compel is unjust.[9]

Review by a District Judge

The parties are advised that any party who objects to this Report and Recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of service of the Report and Recommendation. The objections must specifically identify the portion of the Report and Recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).

October 8, 2025

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

---

[9] Orders actually imposing modest monetary sanctions for discovery violations are non-dispositive for purposes of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999). Under Fed. R. Civ. P. 37(a)(5)(A)(iii), a court must not award expenses on a motion to compel that is granted if "other circumstances" make the award "unjust." An award of expenses against a disobedient party, the attorney advising him, or both should not be made when "other circumstances" make it "unjust." Fed. R. Civ. P. 37(b)(2)(C).