UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10474-GAO

CLIFFORD E. MOSKOW,
Plaintiff,

v.

ALIZA WHEELER, JOHN DUNLEA, and DASHEL DUNLEA,
Defendants.

ORDER ADOPTING REPORTS AND RECOMMENDATIONS
October 29, 2025

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has issued two Reports and Recommendations. The first (dkt. no. 61) recommends the plaintiff's Motion to Amend the Complaint (dkt. no. 54) be denied, while the second (dkt. no. 75) recommends the plaintiff's motion to dismiss (dkt. no. 73) be granted with certain reservations. Although the plaintiff filed objections to the former, he has not done so with respect to the latter.

After carefully reviewing the parties' submissions, the Reports and Recommendations, and the plaintiff's objections to the first R & R, I agree with the magistrate judge's analysis and conclusions. Accordingly, I ADOPT the magistrate judge's recommendations. The plaintiff's Motion to Amend (dkt. no. 54) is DENIED. The plaintiff's Motion to Dismiss (dkt. no. 73) is GRANTED and this action is dismissed with prejudice, subject only (1) to the defendants' opportunity to seek costs, within fourteen (14) days of the order of dismissal with prejudice, and the plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion, and (2) to the defendants' opportunity to seek attorney's fees or other sanctions in this action related to the plaintiff's litigation conduct, within fourteen (14) days of the order of dismissal with

prejudice, and the plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion.

    It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLIFFORD E. MOSKOW,
    Plaintiff,

v.                                                      CIVIL ACTION NO. 24-cv-10474-GAO[1]

ALIZA WHEELER, JOHN DUNLEA,
and DASHEL DUNLEA,
    Defendants.

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (#54)**

KELLEY, U.S.M.J.

In March 2025, District Court Judge O'Toole dismissed Count V of Plaintiff's complaint, alleging defamation, reasoning that because Defendants made the alleged defamatory statements while obtaining a Harassment Prevention Order ("HPO") against Plaintiff, the statements were protected under Massachusetts General Laws ch. 231, § 59H, known as the anti-SLAPP statute, and were also protected under the litigation privilege. (#42.) Plaintiff now moves to amend the complaint to add another defamation claim. (#54.) Defendants filed an opposition and Plaintiff

---

[1] This case has been referred to this court for all purposes, including resolution of non-dispositive motions and reports and recommendation on dispositive motions. (#45.) Motions to amend usually are not dispositive. *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993). However, where, as here, the court concludes that allowing amendment with respect to a proposed new claim would be futile, it follows the practice of other courts in this circuit by issuing a report and recommendation. *See Sargent v. NorDx*, Civil Action No. 2:20-cv-00467-JAW, 2022 WL 17738711, at *4-5 (D. Me. Dec. 16, 2022) ("What emerges is a general rule that motions to amend are not dispositive except when denying a motion to amend would end[] a claim or defense.") (collecting cases) (additional citation and quotations omitted) (alterations in original).

1

replied. (##55, 59.) For the reasons set out below, the court recommends Plaintiff's motion to amend be DENIED.

        I.        History of the Case.

The facts of this case are set out in detail in this court's report and recommendation (#37) on Plaintiff's motion to dismiss for lack of jurisdiction and will not be repeated here except as necessary to put the present motion in context. Defendants Aliza Wheeler and John Dunlea, who live in California, are the parents of Defendant Dashel Dunlea. Dashel lived with Plaintiff for a time while Dashel was attending a private school, the Lawrence Academy, in Massachusetts; Plaintiff paid for Dashel's tuition. Dashel eventually moved out to live with another family. Plaintiff alleges that Defendants owe him the money that he spent on Dashel's tuition and further alleges that Ms. Wheeler defamed him by suggesting he had the intent to engage in inappropriate sexual behavior toward young men.

On December 18, 2023, Plaintiff filed the original complaint (#1-2), alleging: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) promissory estoppel and (5) defamation. (#1.) Defendants removed the action to this court on February 27, 2024. *Id.* Defendants filed a motion to dismiss the complaint, for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and a Special Motion to dismiss two claims, defamation and breach of the implied covenant of good faith and fair dealing, pursuant to the Massachusetts anti-SLAPP statute.[2] (#6.) As mentioned above, Judge O'Toole dismissed the

---

[2] In his opposition to the motion to dismiss (#11), Plaintiff conceded that the complaint did not make out a claim for breach of the implied covenant of good faith and fair dealing and stated that he would file for leave to amend the complaint to eliminate that claim (#11 at 12), however, the claim is repeated verbatim in Plaintiff's proposed amended complaint. *Compare* #1-2 ¶¶ 51, 55 (original complaint) *with* #54-1 ¶¶ 43, 45 (proposed amended complaint). The court assumes the claim was included in the proposed amended complaint in error and will not further discuss it. If

claim of defamation arising from statements that Defendants made while obtaining a Harassment Prevention Order ("HPO") against Plaintiff, concluding that these statements were protected under the anti-SLAPP statute. (#42.) Plaintiff now moves to file an amended complaint, which includes a claim of defamation against Ms. Wheeler, based on alleged statements she made to someone suggesting that Plaintiff had the intent to engage in inappropriate sexual behavior toward young men. (#54.)

II.     Legal Standard.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires[,]" unless the amendment "would be futile, . . . or reward, *inter alia*, undue or intended delay[.]" *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (additional citations omitted); *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013). Futility "means that 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Thus, futility is "'gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 276 (1st Cir. 2013)). In evaluating a motion to dismiss, the court assumes the truth of well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013).

III.    Plaintiff's Proposed Amended Complaint.[3]

---

Plaintiff does intend to pursue this claim he shall file a status report on the docket so stating within one week of the date of this report and recommendation.

[3] In his reply to defendants' opposition, Plaintiff states that he "intends to amend the complaint to drop Dashel Dunlea as a defendant," but this change is not made in the PAC. (#59 at 2.)

3

In the proposed amended complaint ("PAC"), rather than alleging defamation stemming from statements Defendants made while obtaining the HPO, Plaintiff now alleges that Ms. Wheeler defamed him in a private conversation with "a colleague," Joel Thomas.[4] (#54-1 ¶ 33.) Mr. Thomas is a resident of Indiana. *Id.* Ms. Wheeler allegedly told Mr. Thomas that Dashel "had been under the care of … [Plaintiff] and that [he] was 'grooming' Dashel in an unmistakably sexual way. 'I don't know why he needs those teenaged boys around him,' she said, making clear to Thomas that [Plaintiff] had 'nefarious' intent toward Dashel."[5] *Id.* ¶ 33. One may infer from the complaint that Mr. Thomas contacted someone, presumably Plaintiff, and made the above quoted statements, and in addition, "stated that [Ms. Wheeler] would repeat the same allegation to anyone who would listen to her and she told several other individuals." *Id.* ¶ 34.

> The PAC characterizes the statements made by Ms. Wheeler as:
>
> lurid and baseless statements [made] to at least one other person, intended to hold Moskow up to contempt, hatred, scorn or ridicule and to discredit him in the minds of the community, in that she unmistakably suggested that Clifford was a sexual predator of young boys and young men, and that he physically abused his own children.[6]

*Id.* ¶ 52. Plaintiff alleges that the "damaging impact of [Ms. Wheeler's] statements, and the effect that these statements have had on [Plaintiff's] reputation as a father, a businessman, a parent of [Lawrence Academy] alumnus, his leadership roles at [that school], and as a member of the Concord-Carlisle community, cannot be overstated." *Id.* ¶ 36.

---

[4] The PAC does not make clear whether Mr. Thomas is Ms. Wheeler's or Plaintiff's colleague, nor does it state where he works or what his job is. *See* #54-1 ¶ 33.

[5] The PAC further explains that "those teenaged boys" was a reference to two orphaned boys who occasionally visit Plaintiff and his family. (#54-1 ¶ 35.)

[6] There is no further explanation in the PAC as to what statements Ms. Wheeler allegedly made about Plaintiff abusing his children.

4

Defendants object to the PAC, first, alleging that the new defamation allegation is futile. (#55 at 1.) Second, they object on grounds of lack of personal jurisdiction, arguing that "this Court cannot assert personal jurisdiction over a claim against a California resident for alleged actions that took place in a different state." *Id.* at 1-2.

IV.    The Proposed Claim is Futile.

"Under Massachusetts law, '[d]efamation is the publication, either orally or in writing, of a statement concerning the plaintiff which is false and causes damage to the plaintiff.'" *Kaiser v. Kirchick*, 662 F. Supp. 3d 76, 99 (D. Mass. 2023) (quoting *Yohe v. Nugent*, 321 F.3d 35, 39-40 (1st Cir. 2003) (citing *McAvoy v. Shufrin*, 401 Mass. 593, 597, 518 N.E.2d 513 (1988)). "To establish a defamation claim, a plaintiff must show (1) that the defendant made a statement concerning the plaintiff to a third party; (2) that the statement could damage the plaintiff's reputation in the community; (3) that the defendant was at fault in making the statement; and (4) that the statement either caused the plaintiff economic loss or is actionable without proof of economic loss." *Id.* (citing *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) and *Ravnikar v. Bogojavlensky*, 782 N.E.2d 508 (2003)). Defamatory statements that are actionable without proof of economic loss are: "statements that constitute libel; statements that charge the plaintiff with a crime; statements that allege that the plaintiff has certain diseases; and statements that may prejudice the plaintiff's profession or business." *Id.* at 101 (citations omitted.) Here, Plaintiff asserts that Ms. Wheeler's statements "would prejudice [his] business or profession and impute a crime" and so constitute defamation without proof of economic loss. (#54-1 ¶ 53.)

Contrary to Plaintiff's view, the statements attributed to Ms. Wheeler in the PAC do not amount to a charge that Plaintiff committed a crime. At most, the statements suggest that Plaintiff

5

was "grooming" Dashel or other young men to sexually abuse them.[7] "Grooming" someone, that is, treating them a certain way with the intention of eventually sexually abusing them, is not a crime. "[S]tatements suggesting 'that another is *capable* of committing a crime or that he *would* commit it if sufficient opportunity were presented' cannot support a claim for slander *per se*." *Kaiser*, 662 F. Supp. 3d at 102 (citing Restatement (Second) of Torts § 571 cmt. c (1977), and *Kaye v. Prisma Corp.*, 172 A.D.2d 287, 568 N.Y.S.2d 103, 104 (1991) (statement by boss that he wanted to make sure plaintiff did not steal company property not actionable without allegations of economic loss, because "mere intent or capability to commit a criminal act is insufficient to constitute slander *per se*")); *Biondi v. Nassimos*, 300 N.J. Super. 148, 156, 692 A.2d 103 (1997) (defendant's statement that plaintiff would "order a hit on me" was "not slander *per se* because it merely allege[d] plaintiff's intention to commit a crime sometime in the future rather than a past criminal act").

Plaintiff also argues that Ms. Wheeler's statements "would prejudice [his] business or profession," which would make them actionable "without proof of economic loss." *Ravnikar*, 782 N.E.2d at 511. Defamation that might "prejudice" the plaintiff's profession includes assertions that the plaintiff "lacks a necessary characteristic of his profession," *Amalgamated Titanium Int'l Corp.*

---

[7] As explained above, the PAC alleges that Ms. Wheeler made statements that Plaintiff "physically abused his own children," *see* #54-1 ¶ 52, but the PAC does not explain what "physical abuse" is, or to whom or when Ms. Wheeler allegedly said this, and it is therefore too speculative to adequately state a claim. There is a long paragraph in the PAC explaining why Plaintiff had two orphans visit him, *see* #54-1 ¶ 35, but the only statement Ms. Wheeler is alleged to have made about them is, "I don't know why he needs those teenaged boys around him," and even if this comment was about the orphans, which is not clear, it does not constitute a statement that Plaintiff committed any crime against them. There is also an even longer paragraph which alleges that Ms. Wheeler and/or Dashel made unspecified defamatory statements to others, *see* #54-1 ¶ 37, but as explained in the PAC, those allegations are based on "rumors," the person or persons who allegedly heard the statements are not named and the statements are not detailed, and thus these allegations also are too speculative to adequately state a claim.

*v. Mennie Mach. Co.*, 581 F. Supp. 3d 289, 305 (D. Mass. 2022), or statements that have "a devastating and continuing impact" on the plaintiff's professional relationships, *Van Liew v. Eliopoulos*, 92 Mass. App. Ct. 114, 129 (2017).

Statements suggesting that someone was "grooming" a young man in order to engage in sexual misconduct and insinuating that he had such intentions toward other young men would without question be damaging to the career of a teacher, doctor, or other professional who interacts with minors in their job. Here, however, Plaintiff's allegations that the statements affected his reputation as "a businessman" (#54-1 ¶ 36), without explaining what business he is engaged in, or that the statements threatened employment positions that Plaintiff hopes he might get, such as his "future career in diplomacy," are too speculative to make out a claim without any evidence of economic damages. *Compare Conning v. Halpern*, No. 18-CV-12336-ADB, 2021 WL 1580837, at *10 (D. Mass. Apr. 22, 2021) (statement that plaintiff was a plagiarist directly impacted his professional reputation as a scholar and lexicographer because integrity is a necessary characteristic of this profession); *Krishnan v. Blueprint Healthcare LLC,* Case No. 19-cv-11708-DJC, 2021 WL 4255359, at *8 (D. Mass. Sept. 17, 2021) (false claim that medical professional who provided services to customers was "unable to deliver on services" and was not "the real deal" created inference that he lacked necessary professional characteristics); *Briggs v. Boat/U.S., Inc.*, Civil Action No. 12-11795-DJC, 2014 WL 4662305, at *5 (D. Mass. Sept. 14, 2014) (false accusations of submitting a misleading and inaccurate survey suggested that marine surveyor lacked necessary characteristic of profession).

Plaintiff further alleges that the statements would threaten future opportunities for him to be "a leader" at the school Dashel attended,[8] but this appears to be a reference to a possible future unpaid volunteer position. Putting aside the question whether the exception applies to a future volunteer position, rather than a volunteer position a plaintiff presently holds, Plaintiff did not address whether the "business or profession" exception applies to volunteer work.[9] The court finds that as the point of the exception is to make actionable defamatory statements without proof of economic damages, it is necessary to show that the statements might affect one's paying job, not a volunteer position.

Because the court concludes the proposed claim is futile, the court need not address Defendants' argument that the court lacks personal jurisdiction over Ms. Wheeler for the defamation claim.

V.  Conclusion.

Based on the futility of Plaintiff's proposed amendments, the court recommends Plaintiff's Motion to Amend be DENIED.

---

[8] Plaintiff states that he had many ties to the school, as his sons had attended the school, and Plaintiff "had formerly participated in leadership roles at various activities at [Lawrence Academy]." (#54-1 ¶ 8.)

[9] Out-of-circuit district court cases have found that defamation that has a negative effect on one's volunteer work does not qualify for purposes of the rule. *See Green v. Mason*, 504 F. Supp. 3d 813, 833 (S.D. Ohio 2020) (former hospital volunteer board member's claim of defamation per se failed where he did not plead injury to his business, "[n]or [was] it particularly surprising that he did not do so, as his involvement on this Board was as a volunteer… and thus any involvement with his trade or occupation (as an attorney) was likely incidental at best."); *Burlet v. Baldwin*, 452 F. Supp. 3d 801, 813 (N.D. Ill. 2020), (defamatory comments regarding the plaintiff's role as an unpaid volunteer debate teacher were not defamation per se because they only had an impact on future employment.); *King v. Armstrong*, 623 F. Supp. 487, 492 (N.D. Ill. 1985) ("[T]he harm accruing to a person who is defamed in a private endeavor, outside of the person's trade or business, is not obvious. The latter situation requires proof of damages.")

VI. <u>Review by a District Judge</u>.

The parties are advised that any party who objects to this report and recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of service of the Report and Recommendation. The objections must specifically identify the portion of the Report and Recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with <u>Fed. R. Civ. P. 72(b)</u> shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, <u>848 F.2d 271</u> (1st Ci<u>r. 1988</u>); *United States v. Emiliano Valencia-Copete*, <u>792 F.2d 4</u> (1st Ci<u>r. 1986</u>); *Scott v. Schweiker*, <u>702 F.2d 13, 14</u> (1st Ci<u>r. 1983</u>).

/s/ M. Page Kelley

M. Page Kelley
August 14, 2025                                United States Magistrate Judge

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLIFFORD E. MOSKOW,
    Plaintiff,

v.                                                                                     CIVIL ACTION NO. 24-cv-10474-GAO[1]

ALIZA WHEELER, JOHN DUNLEA,
and DASHEL DUNLEA,
    Defendants.

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION TO DISMISS (#73)**

KELLEY, U.S.M.J.

    Clifford E. Moskow ("the Plaintiff") sued the Defendants in state court nearly two years ago. After removal, the Defendants successfully opposed the Plaintiff's motion to dismiss for lack of diversity jurisdiction and successfully moved for dismissal of his defamation claim, as well as an award of attorney's fees. Before this court, they successfully opposed the Plaintiff's motion to amend the complaint to add another defamation claim. Most recently, on the Defendants' motion to compel, this court ordered the Plaintiff to make a proffer regarding his deletion of text messages and emails. (#71) ("the discovery order"). The Plaintiff did not make the proffer. Three days before the deadline, he moved to voluntarily dismiss this action with prejudice. (#73.) The Defendants do not oppose dismissal with prejudice, of course; but they do seek conditions. (#74.) The court recommends that the Plaintiff's motion be GRANTED and that this action be dismissed with prejudice, subject only to the Defendants' opportunity to seek costs, within fourteen (14) days of

---

[1] This action has been referred for "Full Pretrial, Dispositive Motions." (#45.)

1

the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion, and to the Defendants' opportunity to seek attorney's fees or other sanctions in this action related to the Plaintiff's litigation conduct, within fourteen (14) days of the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion.

Prior Proceedings

On December 18, 2023, the Plaintiff sued the Defendants, Aliza Wheeler, John "Jack" Dunlea, and their son, Dashel Dunlea, in the Middlesex Superior Court, raising claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and promissory estoppel based on $111,440.40 in private high school tuition payments the Plaintiff paid on behalf of Dashel. (#1-2.)[2] The Plaintiff also raised a defamation claim related to statements Dashel and Ms. Wheeler made in connection with an *ex parte* harassment prevention order proceeding brought by Dashel against the Plaintiff. *Id*.

The Defendants removed the case on February 27, 2024, alleging diversity of citizenship. (#1.) Shortly after removal, the Defendants moved to dismiss for the failure to state a claim, including under the Massachusetts Anti-SLAPP statute. (#6.) While that motion was pending, the Plaintiff moved to dismiss for lack of subject matter jurisdiction. (#15.) The Defendants opposed. (##16, 21.) District Judge O'Toole referred the matter to this court to hold an evidentiary hearing on diversity of citizenship. (#17.)[3] That hearing was held on October 29, 2024. (#29.) After post-hearing briefing (##35, 36), this court recommended that the Plaintiff's motion to dismiss for lack

---

[2] When he filed the state court complaint, the Plaintiff's oldest son was married to Ms. Wheeler and Jack Dunlea's daughter/Dashel's sister. *Id*. ¶¶ 6-7.

[3] As noted, the scope of the referral was subsequently expanded.

of subject matter jurisdiction be denied (#37), and over objection (#38), Judge O'Toole adopted that report and recommendation (#39).

On March 26, 2025, Judge O'Toole granted, in part, the Defendants' motion to dismiss for the failure to state a claim, dismissing the defamation claim under the Anti-SLAPP statute, noting also that statements made in judicial proceedings are generally privileged. (#42.) On April 9, 2025, the Defendants filed an answer to the complaint. (#43.) On the same date, they also filed a motion for attorney's fees under the Anti-SLAPP statute (#44), which this court subsequently granted, in part, awarding $30,154.50 (#60).[4]

While the motion for attorney's fees was pending, this court set discovery and dispositive motions deadlines. (#50.) The Plaintiff moved to amend his complaint to add another defamation claim. (#54.) The Defendants opposed. (#55.) On August 14, 2025, this court recommended that the motion to amend be denied as futile. (#61.) The Plaintiff has objected to that report and recommendation (#65), which Judge O'Toole has not yet adopted or rejected.

On August 19, 2025, the Defendants moved to compel. (#63.) After hearing argument, on September 4, the court granted that motion, ordering the Plaintiff to file a memorandum by September 15, supported by affidavits, setting out facts to establish when he reasonably anticipated this litigation and an explanation of what happened with regard to deleted text messages and emails. (#71.) The court also denied #66, the Plaintiff's motion to extend time to complete discovery, finding that he had ample time previously. (#71.)

The Plaintiff did not make the proffer on spoliation. Rather, on September 12, 2025, he moved pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss this action with prejudice, asserting:

---

[4] The court did not award the total amount of fees sought by the Defendants, finding that the subject-matter jurisdiction motion was not sufficiently related to the Anti-SLAPP motion. *Id*. at 6.

3

> …[T]he claims have been winnowed to breach of contract.[5] At this point in the proceedings, [the Plaintiff] has decided it would be prudent to voluntarily dismiss this action with prejudice, indicating that he does not intend to refile the claims asserted in this case. Dismissing this case with prejudice will not prejudice the Defendants, as they will be relieved from any further litigation concerning the claims raised in this action. Granting this motion will serve the interests of judicial economy by conserving the resources of the Court and the parties.

(#73 at 1.)

In a response, the Defendants agree to voluntary dismissal of this action with prejudice. (#74 at 1.) However, they seek conditions, addressed below. The Plaintiff has not sought leave to file a reply to the Defendants' response.

### Fed. R. Civ. P. 41(a)(2)

Where, as here, the defendant has answered the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "'[T]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced.'" *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Courts refuse to order voluntary dismissal without prejudice or have allowed a motion only with prejudice or upon specified conditions based on such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that the motion is made at a critical juncture. *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D. Me. 1990) (citing, *inter alia*, *Pace v. Southern Express Co.*, 409

---

[5] The claims for breach of contract, unjust enrichment, and promissory estoppel remain. As noted, the defamation claim was dismissed. The claim for breach of implied covenant of good faith and fair dealing was withdrawn. (#71.)

4

F.2d 331, 334 (7th Cir. 1969)); *see also Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000).

Where, as here, the plaintiff moves for voluntary dismissal with prejudice, courts have questioned their discretion to deny the motion; "…'when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed.'… 'Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.'" *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (first quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985), then quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)); *see also Century Mfg. Co., Inc. v. Central Transport Intern., Inc.*, 209 F.R.D. 647, 648 (D. Mass. 2002).

## Discussion

The Defendants do not argue that the action should not be dismissed with prejudice; as such and given the case law noted above, the court recommends that #73, the Plaintiff's motion, be GRANTED, and that this action be dismissed with prejudice.

Rather, the Defendants seek four conditions on dismissal with prejudice: one related to costs; two related to the Plaintiff's litigation conduct; and one related to the discovery order. The court addresses them in turn.

    1.    Related to costs.

The Defendants ask that dismissal with prejudice enter without prejudice to their putative right to seek costs as the "prevailing party" under Fed. R. Civ. P. 54(d)(1). *See* #74 at 2 (¶ 1) ("The Court will make a finding/ruling...").[6] The Defendants should be afforded an opportunity to seek

---

[6] "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party…." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are

5

costs, and the Plaintiff should be afforded an opportunity to respond. Accordingly, the court recommends that the Plaintiff's motion be granted subject to the Defendants' opportunity to seek costs, within fourteen (14) days of the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion.

        2.     <u>Related to the Plaintiff's litigation conduct</u>.

The Defendants ask that dismissal with prejudice enter without prejudice to their putative rights to seek (more) attorney's fees or other sanctions in this action,[7] and to bring a separate action, related to the Plaintiff's litigation conduct. (#74 at 3 (¶¶ 2-3).) The court recommends that the Plaintiff's motion be granted subject to the Defendants' opportunity to seek attorney's fees or other sanctions in this action related to the Plaintiff's litigation conduct,[8] within fourteen (14) days

---

entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013) (footnote omitted). Although the court makes no prospective recommendation or finding, there is support for the conclusion that a plaintiff's voluntary dismissal of an action with prejudice renders a defendant the "prevailing party" for purposes of Rule 54(d)(1). *See Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (en banc).

[7] As noted, the Defendants have already been awarded some attorney's fees.

[8] The Defendants cite Fed. R. Civ. P. 11, 37, and 54 as well as the court's "inherent powers," Mass. Gen. Laws ch. 231, § 6F, and "any other applicable rule or statute that allows for the imposition of sanctions and/or the recovery of costs and attorney's fees," *see* #74 at 3 (¶ 2), presumably because courts have held that an award of attorney's fees upon Fed. R. Civ. P. 41(a)(2) dismissal *with prejudice* is appropriate only when there is independent authority for such an award. *See Colombrito v. Kelly*, 764 F.2d 122, 133-135 (2d Cir. 1985) (collecting cases) (holding that Rule 41(a)(2) "does not altogether foreclose fees in the event of a dismissal with prejudice. Conceivably such an award might be one of the appropriate 'terms or conditions' authorized by Rule 41(a)(2), e.g., if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system. In any event, this is not such a case"). The court notes that Fed. R. Civ. P. 54(d)(2) is merely a procedural mechanism for claiming an entitlement to attorney's fees under some independent authority. *See Rhee-Karn v. Lask*, --- F. Supp. 3d ---, No. 15-CV-9946 (RWL), 2025 WL 2450731, at *16 (S.D.N.Y. Aug. 26, 2025); *see also* Fed. R. Civ. P. 54(d)(2)(B)(ii).

6

of the order of dismissal with prejudice, and the Plaintiff's opportunity to respond, within fourteen (14) days of service of any such motion.

The Defendants have not elaborated on this request, and it would not be prudent or an efficient use of resources for this court to opine on the impact of the dismissal of this action, by the Plaintiff against the Defendants, with prejudice on some other, as-of-yet unfiled action, by the Defendants against the Plaintiff. Thus, the court does not recommend that the Plaintiff's motion to dismiss this action with prejudice be granted subject to the Defendants' opportunity to bring a separate action related to the Plaintiff's litigation conduct.

3. *Related to the discovery order*.

The Defendants ask that dismissal with prejudice enter without prejudice to their putative rights to seek enforcement of the discovery order and sanctions based on the Plaintiff's violation of the discovery order. (#74 at 3 (¶ 4).) Dismissal of this action with prejudice is the most severe sanction possible. The court does not understand the point of either compelling the Plaintiff to make the spoliation proffer or of "presum[ing] that the lost [text messages and emails were] unfavorable to" him or "instruct[ing] the jury that it may or must presume" same, *see* Fed. R. Civ. P. 37(e)(2)(A)-(B), when the proceeding will come to a close, without summary judgment motions or trial.

Moreover, where a request for expenses on the Defendants' motion to compel would likely be subsumed within a request for attorney's fees and other sanctions related to the Plaintiff's litigation conduct, this request is duplicative of the request addressed above. Finally, the Plaintiff's

---

Moreover, as discussed below, the court is not recommending that the Plaintiff's motion be granted subject to the Defendants' opportunity to seek, under Fed. R. Civ. P. 37, sanctions related to the discovery order. The court does not comment further on the Defendants' entitlement to attorney's fees or other sanctions under the authority cited. The issue has not been briefed.

7

alleged violation of the discovery order consisted of merely having (timely) moved to dismiss this action with prejudice, rather than submitting the spoliation proffer. Given all the circumstances, the court finds that an award of expenses on the Defendants' motion to compel is unjust.[9]

<u>Review by a District Judge</u>

The parties are advised that any party who objects to this Report and Recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of service of the Report and Recommendation. The objections must specifically identify the portion of the Report and Recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).

October 8, 2025

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

---

[9] Orders actually imposing modest monetary sanctions for discovery violations are non-dispositive for purposes of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999). Under Fed. R. Civ. P. 37(a)(5)(A)(iii), a court must not award expenses on a motion to compel that is granted if "other circumstances" make the award "unjust." An award of expenses against a disobedient party, the attorney advising him, or both should not be made when "other circumstances" make it "unjust." Fed. R. Civ. P. 37(b)(2)(C).